UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiffs and Proposed*
*FLSA Collective*

| | |
|---|---|
| FRANCISCO ESPINAL, ISMAEL REYES, VICTOR SANGURIMA, INMAR HERNANDEZ, JOSE MANUEL GOMEZ HERNANDEZ, JUAN SANDOVAL, and CARLOS ROBERTO CRUZ COLON, on behalf of themselves and all others similarly situated, | DOCKET NO. 17-cv-_____ <br><br> **COMPLAINT** |
| Plaintiffs, | |
| - vs. — | |
| BI-COUNTY AUTO AND TRUCK SALVAGE, CORP., KENNETH HILLMAN, SR., KEVIN HILLMAN, KID HILLMAN, and KENNETH HILLMAN, JR., | |
| Defendants. | |

Plaintiffs Francisco Espinal, Isamel Reyes, Victor Sangurima, Inmar Hernandez, Jose Manuel Gomez Hernandez, Juan Sandoval, and Carlos Roberto Cruz Colon, by and through their undersigned attorneys, for their complaint against Defendants Bi-County Auto and Truck Salvage, Corp., Kenneth Hillman, Sr., Kevin Hillman, Kid Hillman, and Kenneth Hillman, Jr., allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to unpaid wages from Defendants for work for which they did not receive proper minimum wage and overtime premium pay as required by law.

2.     Plaintiffs further complain that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, in violation of the New York Labor Law; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.     Mr. Francisco Espinal is an adult individual residing in Brentwood, New York.

4.     Mr. Ismael Reyes is an adult individual residing in Bayshore, New York.

5.     Mr. Victor Sangurima is an adult individual residing in Brentwood, New York.

6.     Mr. Inmar Hernandez is an adult individual residing in Brentwood, New York.

7.     Mr. Jose Manuel Gomez Hernandez is an adult individual residing in Brentwood, New York.

8.     Mr. Juan Sandoval is an adult individual residing in Brentwood, New York.

9.      Mr. Carlos Roberto Cruz Colon is an adult individual residing in Brentwood, New York.

10.      Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consent is attached hereto and incorporated by reference.

11.      Upon information and belief, Defendant Bi-County Auto and Truck Salvage, Corp. ("Bi-County" or "the business") is a New York corporation with a principal place of business located at 1 McAdams Street, Bayshore, New York 11706.

12.      At all relevant times, Defendant Bi-County has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13.      Upon information and belief, at all relevant times, Defendant Bi-County has had gross revenues exceeding $500,000.00.

14.      Upon information and belief, at all relevant times herein, Defendant Bi-County has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

15.      Upon information and belief, at all relevant times, Defendant Bi-County has constituted an "enterprise" as defined in the FLSA.

16.      Upon information and belief, Defendant Kenneth Hillman, Sr. is an owner or part owner and principal of Bi-County. He has the power to hire and fire employees, set wages and schedules, and maintain their records.

17.      Kenneth Hillman, Sr. is involved in the day-to-day operations of Bi-County and plays an active role in managing the business.

18.     Upon information and belief, Kenneth Hillman, Sr. has three sons who also work in the business; Kevin Hillman, Kid Hillman, and Kenneth Hillman, Jr.

19.     All three sons are involved in the day-to-day operations of Bi-County, and play active roles in managing the business.

20.     Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

23.     Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since August 10 , 2014, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid proper overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24.     The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt workers, and were denied minimum

wages at the proper statutory rate, as well as overtime premiums for hours worked beyond forty hours in a week.

26. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them minimum wage and overtime.

26. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

27. At all relevant times herein, Defendants owned and operated a scrap metal yard in New York.

28. Mr. Espinal was employed by Defendants as a mechanic from approximately July 2015 until July 21, 2017.

29. Mr. Espinal's duties included separating metals such as brass, aluminum, and copper.

30. Mr. Espinal's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

31. At all relevant times herein, Mr. Espinal was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

32. Throughout his employment with Defendants, Mr. Espinal's regular schedule was six days per week, with Sundays off.

33. Mr. Espinal worked from 7:00 A.M. to 5:00 P.M. on Monday through Friday. On Saturdays, Mr. Espinal worked from 7:00 A.M. to 1:00 P.M.

34.     Consequently, Mr. Espinal worked roughly 56 hours per week through each week of his employment with Defendants.

35.     From the beginning of his employment until approximately June 2016, Mr. Espinal was paid $340 per week. From approximately July 2016 until the end of his employment, Mr. Espinal was paid $371 per week.

36.     Throughout his employment, Mr. Espinal was paid by check.

37.     Mr. Reyes has been employed by Defendants as a mechanic, from approximately June 2016 to the present.

38.     Mr. Reyes is responsible for cutting cables and separating aluminum.

39.     Mr. Reyes's work is performed in the normal course of Defendants' business and is integrated into the business of Defendants, and does not involve executive or administrative responsibilities.

40.     At all relevant times herein, Mr. Reyes has been an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

41.     Throughout his employment with Defendants, Mr. Reyes's regular schedule has been six days per week, with Sundays off.

42.     Mr. Reyes works from 7:00 A.M. to 5:00 P.M. on Mondays through Fridays, and from 7:00 A.M. to 1:00 P.M. on Saturdays.

43.     Consequently, Mr. Reyes has worked roughly 56 hours per week through each week of his employment with Defendants.

44.     Mr. Reyes is paid $330 per week, by check.

45.     Mr. Sangurima was employed by Defendants from approximately July 23, 2012 to February 2017, as a mechanic.

46.     Mr. Sangurima's work included taking tires off cars and collecting aluminum.

47.     Mr. Sangurima's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

48.     At all relevant times herein, Mr. Sangurima was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

49.     Throughout his employment with Defendants, Mr. Sangurima's regular schedule was six days per week, with Sundays off.

50.     Mr. Sangurima worked from 7:00 A.M. to 5:00 P.M. on weekdays. On Saturdays, Mr. Sangurima worked from 7:00 A.M. to 1:00 P.M.

51.     Consequently, Mr. Sangurima worked roughly 56 hours per week through each week of his employment with Defendants.

52.     Mr. Sangurima was paid $368 per week, by check.

53.     Mr. Hernandez was employed by Defendants from approximately June 20, 2013 to January 2017, as a mechanic.

54.     Mr. Hernandez's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

55.     At all relevant times herein, Mr. Hernandez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

56.     Throughout his employment with Defendants, Mr. Hernandez's regular schedule was six days per week, with Sunday off.

57.     Mr. Hernandez worked from 7:00 A.M. to 5:00 P.M. on weekdays. On Saturdays, Mr. Hernandez worked from 7:00 A.M. to 1:00 P.M.

58.     Consequently, Mr. Hernandez worked roughly 56 hours per week through each week of his employment with Defendants.

59.     Mr. Hernandez was paid $390 per week, by check.

60.     Mr. Gomez has been employed by Defendants from approximately March 2014 to the present (but not for July 2016 and August 2016), as a mechanic.

61.     Mr. Gomez was responsible for taking parts from the cars, overseeing inventory, and driving the "hi-lo."

62.     Mr. Gomez's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

63.     At all relevant times herein, Mr. Gomez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

64.     Throughout his employment with Defendants, Mr. Gomez's regular schedule was six days per week, with Sunday off.

65.     Mr. Gomez worked from 7:00 A.M. to 5:00 P.M. on weekdays. On Saturdays, Mr. Gomez worked from 7:00 A.M. to 1:00 P.M.

66.     Consequently, Mr. Gomez worked roughly 56 hours per week through each week of his employment with Defendants.

67.     Mr. Gomez was paid $410 per week, by check.

68.     Mr. Sandoval was employed by Defendants from approximately May 2016 to July 2017, as a mechanic.

69.     Mr. Sandoval's work included taking tires off cars, separating aluminum, taking plastic off radiators, and separating motors.

70.     Mr. Sandoval's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

71.     At all relevant times herein, Mr. Sandoval was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

72.     Throughout his employment with Defendants, Mr. Sandoval's regular schedule was six days per week, with Sunday off.

73.     Mr. Sandoval worked from 7:00 A.M. to 5:00 P.M. on weekdays. On Saturdays Mr. Sandoval worked from 7:00 A.M. to 1:00 P.M.

74.     Consequently, Mr. Sandoval worked roughly 56 hours per week through each week of his employment with Defendants.

75.     Mr. Sandoval was paid $410 per week, by check.

76.     Mr. Cruz was employed by Defendants from approximately July 2011 to August 2014, as a mechanic.

77.     Mr. Cruz's duties included driving the "hi-lo," taking tires off the cars, cleaning cables, and weighing copper, bronze and aluminum.

78.     Mr. Cruz's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

79.     At all relevant times herein, Mr. Cruz was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

80.     Throughout his employment with Defendants, Mr. Cruz's regular schedule was six days per week, with Sundays off.

81.     Mr. Cruz worked from 7:00 A.M. to 5:00 P.M. on weekdays. On Sundays, Mr. Cruz worked from 7:00 A.M. to 1:00 P.M.

82.     Consequently, Mr. Cruz worked roughly 56 hours per week through each week of his employment with Defendants.

83.     Mr. Cruz was paid $350 per week, by check.

84.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

85.     Defendants have failed to pay Plaintiffs at the correct statutory New York minimum wage.

86.     Defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

87.     Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

88.     Plaintiffs' paystubs never reflected their overtime hours worked.

89.     Defendants failed to provide Plaintiffs with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

90.     Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiffs (the Collective Action Members) in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

91.     Upon information and belief, Defendants have failed to pay these other Plaintiffs at the correct statutory minimum wage.

92.     Upon information and belief, these other individuals have worked more than forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

93.     Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

94.     Upon information and belief, while Defendants employed Plaintiffs and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I: Fair Labor Standards Act – Minimum Wage

95.     Plaintiffs, on behalf of themselves and all Collective Action Members repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

96.     At all relevant times, Defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

97.     Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

98.     Because of Defendants' willful failure to compensate Plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

99.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 206.

100.    Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid compensation plus

liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II: Fair Labor Standards Act - Overtime

101.    Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

102.    At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

103.    Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

104.    Because of Defendants' willful failure to compensate Plaintiffs and the Collective Action Members at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

105.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

106.    Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III: New York Labor Law – Minimum Wage

107.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

108.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

109.    Defendants willfully violated the rights of Plaintiffs by failing to pay him compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

110.    Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

111.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law - Overtime

112.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

113.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

114.    Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for

each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

115.    Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

116.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V: New York Labor Law – Wage Theft Prevention Act

117.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

118.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

119.    Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

120.    Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.   Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

f.   An award of liquidated damages as a result of Defendants' willful failure to pay Plaintiffs' wages pursuant to 29 U.S.C. § 216;

g.   Liquidated damages for Defendants' New York Labor Law violations;

h.   Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

i.   Back pay;

j.   Punitive damages;

k.   An award of prejudgment and post judgment interest;

l.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.   Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
      August 10, 2017

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiffs and Proposed*
*FLSA Collective*

17

**EXHIBIT A**

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of BiCounty Auto and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_____
     Francisco Espinal



Date:  July 24, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Bi County Auto and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_I M R_____
Ismael Reyes


Date: July 30, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Bi County Auto and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_____
Victor Sangurima



Date:  July 30, 2017

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Bi County Auto and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_____
Inmar Hernandez



Date:  July 30, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Bi County Auto and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_____
Jose Manuel Gomes Hernandez



Date:  July 30, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Bi County Auto and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.


_____
Juan Sandoval



Date:  July 30, 2017

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Bi County Auto and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Bi County Auto mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____

Carlos Roberto Cruz Colon


Date:  August 4, 2017