## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, Plaintiffs Francisco Espinal, Ismael Reyes, Victor Sangurima, Inmar Hernandez, Jose Manuel Gomez Hernandez, Juan Sandoval, Carlos Roberto Cruz Hernandez, Ralph Lobianco, and Felipe Santiago (referred to hereinafter as "Plaintiffs"), and Bi-County Auto and Truck Salvage, Corp. ("Bicounty") and Kenneth Hillman, Sr., Kevin Hillman, Kid Hillman, Kenneth Hillman, Jr. and Theresa Hillman (collectively, "Defendants") desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or by (or which could have been raised in) the Complaint in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

**WHEREAS**, the Plaintiffs and Defendants, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit and any and all claims which Plaintiffs asserted, including wage-related claims arising under federal or state statutory or common law;

**WHEREAS**, Plaintiffs and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiffs' pleadings in the Lawsuit, or otherwise relating to the Lawsuit captioned above, and in any other proceeding commenced by, on behalf of or involving Plaintiffs and in any other document or statement whatsoever;

**WHEREAS**, Plaintiffs and Defendants understand and agree that neither the making of this Settlement Agreement and Release (hereinafter "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

**WHEREAS**, the Lawsuit between Plaintiffs and Defendants, shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Final Dismissal with Prejudice to be executed by counsel for Plaintiffs and Defendants, as set forth below:

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

**1.    Definitions.**

(a)    "Plaintiffs" shall be defined as Francisco Espinal, Ismael Reyes, Victor Sangurima, Inmar Hernandez, Jose Manuel Gomez Hernandez, Juan Sandoval, Carlos Roberto Cruz Hernandez, Ralph Lobianco, and Felipe Santiago.

(b)     "Defendants" shall be defined to include Bi-County Auto and Truck Salvage, Corp. ("Bi-County") and Kenneth Hillman, Sr., Kevin Hillman, Kid Hillman, Kenneth Hillman, Jr. and Theresa Hillman, and all presently or formerly related persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, affiliates, investors, divisions, employee benefit plans, purchasers of assets or stocks, board members, insurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity.

**2.     Plaintiffs' Commitments.**

In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree as follows:

(a)     Plaintiffs, by their counsel, will execute all documents, including, but not limited to, the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") annexed hereto as Exhibit "A," that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown complaints, suits, actions, charges, claims or proceedings by Plaintiffs against Defendants relative to the Lawsuit existing or which could exist as of the date of the execution of this Agreement. Plaintiffs warrant that they are not presently parties to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendants in any form or forum other than this Action, which Plaintiffs have or will take any necessary action to dismiss with prejudice.

(b)     An order of final dismissal with prejudice shall be entered upon presentation of said Stipulation by Defendants to any court of competent jurisdiction, administrative agency or other forum where any claim is made, or any relief or recovery is sought by, relating to or on behalf of Plaintiffs or Defendants.

(c)     Plaintiffs and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the withdrawal and dismissal of the Lawsuit or agency or arbitral proceedings.

(d)     Plaintiffs and Defendants agree to execute any and all documents necessary to effectuate the terms of this Agreement.

**3.     Release by the Plaintiffs.**

(a)     In consideration of the promises made by Defendants in this Agreement, Plaintiffs release and forever discharge Defendants from all claims raised or which could have been raised in the Lawsuit, arising only under the Fair Labor Standards Act and the New York Labor Law. Plaintiffs agree that they are waiving all claims that they could assert against Defendants under the Fair Labor Standards Act and New York Labor Law.

(b)     Moreover, Plaintiffs understand and agree that they may not reinstate the claims that they have brought in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants except in an action instituted by either party alleging a breach of this Agreement. Plaintiffs further warrant and represent that Plaintiffs' counsel has advised them regarding the release in this Section.

(c)     In addition, in the event any class or collective action brought against Defendants includes or may include Plaintiffs, the Release given by Plaintiffs herein shall operate as Plaintiffs' waiver of all rights to be a class or collective member or to recover any damages.

4.    **Consideration.**

(a)     In exchange for the promises made herein by Plaintiffs, including the release of all claims relating to the Lawsuit that Plaintiffs have or may have against Defendants, Defendants agree to pay to Plaintiffs the gross sum of **Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00)**.

(b)     The Cash Payment of the Total Settlement shall be payable in three installments of **Eighty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($83,333.33)** each, made payable to each Plaintiff, half on an IRS Form W-2 and half on an IRS Form 1099. Attorneys' fees shall be made payable to the Law Office of Samuel and Stein on an IRS Form 1099. Plaintiff's Counsel shall retain one-third of the net settlement (the settlement amount after costs of filing ($400) and service of process ($315)) as attorneys' fees and shall distribute each installment payment to Plaintiffs. The payments shall be distributed as follows:

|  | Total | Plaintiffs | Attorneys |
| --- | --- | --- | --- |
| Installment #1 | $83,333.33 | $54,920.00 | $28,413.33 |
| Installment #2 | $83,333.33 | $55,635.00 | $27,698.33 |
| Installment #3 | $83,333.33 | $55,635.00 | $27,698.33 |
|  |  | $166,190.00 | $83,810.00 |

| Plaintiff | Installment #1 | Installment #2 | Installment #3 |
| --- | --- | --- | --- |
|  | $54,920.00 | $55,635.00 | $55,635.00 |
| Espinal | $6,582.63 | $6,668.33 | $6,668.33 |
| Reyes | $6,607.77 | $6,693.79 | $6,693.79 |
| Sangurima | $7,202.29 | $7,296.05 | $7,296.05 |
| Hernandez | $7,595.04 | $7,693.92 | $7,693.92 |
| Gomez | $8,235.38 | $8,342.60 | $8,342.60 |
| Sandoval | $7,688.51 | $7,788.61 | $7,788.61 |
| Cruz | $6,078.08 | $6,157.21 | $6,157.21 |
| Santiago | $1,386.60 | $1,404.65 | $1,404.65 |
| Lobianco | $3,543.70 | $3,589.83 | $3,589.83 |

  (c)  Defendants shall pay the first settlement installment seven (7) days from the date by which the Court approves the terms of this Settlement Agreement and each subsequent installment shall be paid within thirty (30) days of the preceding installment.

## 5. Breach

In the event of a breach of this Agreement by Defendants for Plaintiffs' failure to receive the payments set forth in Paragraph 4, Plaintiffs, by their attorneys, shall send written notice of such breach by e-mail to Defendants' counsel, Joshua D. Levin-Epstein, Esq. and Jason Mizrahi, Esq., of Levin-Epstein & Associates, P.C. at Joshua@levinepstein.com and Jason@levinepstein.com.. Upon notice of such breach, Defendants shall have twelve (12) business days to cure such breach. Should Defendants fail to cure the breach within twelve (12) business days, Plaintiffs shall be entitled to file the Confessions of Judgments for each Defendant with the United States District Court for the Eastern District of New York and/or the Supreme Court of the State of New York County of Bronx

## 6. Payroll Taxes and Withholdings

  (a)  The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiffs under this paragraph, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties. Plaintiffs understand and agree that no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement.

  (b)  Plaintiffs agree to indemnify Defendants and to hold Defendants harmless for their share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to Plaintiffs pursuant to this Agreement.

  (c)  Plaintiff's counsel shall provide a copy of all necessary information needed for tax purposes

  (d)  Plaintiff shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.

## 7. No Other Entitlement.

  (a)  Plaintiffs affirm that they have been paid and has received all compensation, wages, bonuses, commissions, benefits and other monies to which they were entitled under the Fair Labor Standards Act and New York Labor Law and that no other compensation, wages, bonuses, commissions, benefits or other monies are due, except as set forth in Paragraph 4 of this Agreement.

(b) Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made concerning wage claims included in the Release, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

## 8. Non-Admission of Wrongdoing.

Plaintiffs and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiffs that their claim lacks merit.

## 9. Non-Disparagement.

The Parties agree that neither Party shall communicate or publish, directly or indirectly, any disparaging comments or information about the other Party.

However, the Parties agree that Plaintiffs may make truthful statements about the instant litigation, their claims in the litigation and this Agreement without violating this Paragraph.

## 10. Severability and Modification.

(a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the Parties agree that said court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification.

(b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

## 11. Resolution of Disputes.

Any controversy or claims relating to this Agreement, as well as any other claim, dispute or issue between the parties, shall be resolved in a proceeding held in and before the United States District Court for the Eastern District of New York or the Supreme Court of the State of New York.

## 12. Section Headings.

Section headings are used herein for reference only and do not affect the meaning of any

provision of this Agreement.

13. **Entire Agreement.**

(a) This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding between Plaintiffs and Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiffs may have against Defendants.

(b) No other promises or agreements shall be binding or shall modify this Agreement.

(c) Plaintiffs acknowledges that they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

14. **Competence to Waive Claims.**

Plaintiffs confirm that they are competent to affect a knowing and voluntary release of claims under the Fair Labor Standards Act and New York Labor Law, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired such that they lack a clear and complete understanding of this Agreement. Plaintiffs confirm they are not parties to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to said Plaintiffs. Plaintiffs confirm that they are not Medicare eligible.

15. **Remedies for Breach.**

In the event that a court of competent jurisdiction determines that any of the Parties breach, violate, fail or refuse to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement (the "Breach"), the non-breaching party or parties are entitled to recover damages against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the Breach, which interest, costs, expenses, and reasonable attorneys' fees shall not exceed an amount equal to two (2) times the net monetary award of the prevailing party.

16. **Counterparts.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

17. **Execution.**

The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiffs and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by Plaintiffs' counsel, Michael Samuel, Esq. Plaintiffs fully understand that this Agreement releases, settles, bars and waives any and all wage and hour claims that Plaintiffs possibly could have against Defendants until this point in time and is fully satisfied with the advice and counsel provided by Michael Samuel, Esq.

PLAINTIFFS HAVE BEEN ADVISED IN WRITING THAT THEY HAVE A REASONABLE TIME TO CONSIDER THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND THAT THEY HAVE DONE SO AND THAT THEY ARE SATISFIED WITH THE ADVICE AND REPRESENTATION OF THEIR ATTORNEY, MICHAEL SAMUEL, ESQ.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

*Plaintiffs*

X _Francisco Espinal_     Date: 12-10-18, 2018

X _Ismael Reyes_     Date: 2-10-18, 2018

X _Victor Sangurima_     Date: X 12/06/18, 2018

X _Inmar Hernandez_     Date: 12/10/18, 2018

_Jose Manuel Gomez Hernandez_     Date: 12.10.18, 2018

_Juan Sandoval_     Date: 12.10.18, 2018

X _Carlos Roberto Cruz Colon_     Date: 12-10-18, 2018

_RALPH LOBIANCO_     Date: 12-6-18, 2018

Ralph Lobianco

_____  Date: _12-10/8_, 2018
Felipe Santiago

*Defendants*

_____  Date: _____, 2018
**Kenneth Hillman, Sr.**

_____  Date: _____, 2018
**Kevin Hillman**

_____  Date: _____, 2018
**Kid Hillman**

_____  Date: _____, 2018
**Kenneth Hillman Jr.**

_____  Date: _____, 2018
Theresa Hillman

_____
 **BiCounty Auto and Truck Salvage, Corp.**
By:

[THE REST OF THE PAGE INTENTIONALLY LEFT BLANK]

Ralph Lobianco

_____  Date: _____, 2018
Felipe Santiago

**Defendants**

_[signature]_  Date: 12-11-18, 2018
Kenneth Hillman, Sr.

_[signature]_  Date: 12-11-18, 2018
Kevin Hillman

_[signature]_  Date: 12-11-18, 2018
Kid Hillman

_[signature]_  Date: 12-11-18, 2018
Kenneth Hillman Jr.

_[signature]_ Theresa Hillman  Date: 12-11-18, 2018
Theresa Hillman

_____
BiCounty Auto and Truck Salvage, Corp.
By:

**[THE REST OF THE PAGE INTENTIONALLY LEFT BLANK]**

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO ESPINAL, ISMAEL REYES, VICTOR SANGURIMA, INMAR HERNANDEZ, JOSE MANUEL GOMEZ HERNANDEZ, JUAN SANDOVAL, *and* CARLOS ROBERTO CRUZ COLON, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>- vs. —<br><br>BI-COUNTY AUTO AND TRUCK SALVAGE, CORP., KENNETH HILLMAN, SR., KEVIN HILLMAN, KID HILLMAN, KENNETH HILLMAN, JR., *and* THERESA HILLMAN,<br><br>Defendants. | DOCKET NO. 17-cv-04700<br><br>**STIPULATION OF DISCONTINUANCE** |

IT IS HEREBY STIPULATED AND ORDERED that the above-captioned action be and is hereby dismissed in its entirety as against all Defendants, with prejudice, and with no award of attorneys' fees or costs by the Court to any party.

SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 10001

By: _____
Michael Samuel, Esq.
T: 212-563-9884
F: 212-563-9870
michael@samuelandstein.com

LEVIN-EPSTEIN & ASSOCIATES, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10119

By: _____
Joshua D. Levin-Epstein, Esq.
T: (212) 792-0046
F: (212) 563-7108
joshua@levinepstein.com

SO-ORDERED:

_____
Hon. Steven I. Locke
United States Magistrate Judge

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO ESPINAL, ISMAEL REYES, VICTOR SANGURIMA, INMAR HERNANDEZ, JOSE MANUEL GOMEZ HERNANDEZ, JUAN SANDOVAL, *and* CARLOS ROBERTO CRUZ COLON, *on behalf of themselves and all others similarly situated*, | DOCKET NO. 17-cv-04700 |
| Plaintiffs, | **CONFESSION OF JUDGMENT** |
| - vs. — | |
| BI-COUNTY AUTO AND TRUCK SALVAGE, CORP., KENNETH HILLMAN, SR., KEVIN HILLMAN, KID HILLMAN, KENNETH HILLMAN, JR., *and* THERESA HILLMAN, | |
| Defendants. | |

Theresa Hill, being duly sworn, deposes and says the following:

1. I, Theresa Hill, reside at  82 Parkside St., Holbrook, NY 11741 .

2. I have authority to sign on behalf of myself, on behalf of Bi-County Auto and Truck Salvage, Corp., Kenneth, Hillman Sr., Kevin Hillman, Kid Hillman, and Kenneth Hillman, Jr., and I am duly authorized to make this affidavit on my own, as well as on behalf of Bi-County Auto and Truck Salvage, Corp., Kenneth, Hillman Sr., Kevin Hillman, Kid Hillman, and Kenneth Hillman, Jr.

3. I hereby confess judgment and authorize entry of judgment against Bi-County Auto and Truck Salvage, Corp., Kenneth, Hillman Sr., Kevin Hillman, Kid Hillman, and Kenneth Hillman, Jr., and myself, jointly and severally, in favor of Plaintiffs for the sum of **Three Hundred**

**Seventy-Five Thousand Dollars and Zero Cents ($375,000.00)**, less any payments previously received pursuant to the terms of the Settlement Agreement and General Release entered into to settle the Eastern District Court action *Espinal et al v. Bi-County Auto and Truck Salvage, Corp. et al*, Case No. 2:17-cv-04700-SIL (the "Settlement Agreement"), signed by Plaintiffs and Defendants in the above caption.

4.  This Confession of Judgment is for a debt justly due or to become due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement.

5.  I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against Bi-County Auto and Truck Salvage, Corp., Kenneth, Hillman Sr., Kevin Hillman, Kid Hillman, and Kenneth Hillman, Jr., jointly and severally.

6.  I hereby authorize Plaintiffs, or their heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against Bi-County Auto and Truck Salvage, Corp., Kenneth, Hillman Sr., Kevin Hillman, Kid Hillman, and Kenneth Hillman, Jr., jointly and severally, for the above designated sum and interest accrued.

7.  This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

8.  In accordance with the terms of the Settlement Agreement, if there is an uncured

default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

9. Judgment is not confessed with fraudulent intent or to protect my property from creditors.

10. Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

Signed: *Theresa Hillman* Date: 12/11/18
Theresa Hillman

STATE OF NEW YORK )
) ss.:
COUNTY OF Suffolk )

On the 11 day of ~~October~~ December 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared **Theresa ~~Hill~~ Hillman** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Notary Public

Myra D'Agosto
Notary Public, State of New York
No. 01DA6327993
Qualified in Nassau County
Commission Expires July 20, 2019